UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. 3:09-cr-00092-09 |
| | ) | |
| v. | ) | JUDGE HAYNES |
| | ) | |
| EMILY LOTT | ) | |

## UNITED STATES' MOTION FOR DOWNWARD DEPARTURE

Pursuant to § 5K 1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e), the government moves to depart downward from the applicable guidelines range and mandatory minimum sentence in this case based on the defendant's substantial assistance in the investigation and prosecution of others who committed offenses against the United States.

According to the presentence report the defendant's sentencing range is 70 to 87 months based on an adjusted offense level of 27and a Criminal History Category of I, taking into account the safety valve. The government recommends a downward departure of four levels in the offense level, resulting in a final sentencing range of 46-57 months imprisonment.

Section 5K1.1 of the Sentencing Guidelines sets forth five factors that the Court should consider when determining the appropriate reduction after the government files a 5K1.1 motion: (1) the Court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;[1] (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant; (3) the nature and extent of the defendant's assistance; (4) any injuries suffered or any danger or risk of injury to the defendant or his family resulting from his assistance; and (5) the timeliness of the

---

[1] Application Note 3 in the Commentary under § 5K1.1 provides that "substantial weight should be given to the government's evaluation of the extent of the defendant's assistance . . . ."